UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARK L. MCLAURIN, ET AL                                                                  PLAINTIFFS

VERSUS                                                     CIVIL ACTION NO. 1:05CV463-LG-RHW

NOBLE DRILLING (U.S.) INC., ET AL                                                        DEFENDANTS

## ORDER DENYING MOTION TO COMPEL

Before the Court is Defendants' [94] Motion to Compel Examination by a Vocational Expert. Plaintiff has filed a personal injury lawsuit based on a work-related injury. Leon Tingle, a Board Certified Vocational Expert, was hired by Plaintiff's employer and insurance carrier to perform a vocational evaluation of Plaintiff. Tingle performed the vocational evaluation in conjunction with Plaintiff's worker's compensation claim and not in preparation for the instant lawsuit. The Court has reviewed Tingle's report of June 23, 2006, and finds that for the most part, Tingle based his vocational evaluation on a review of the medical records and a functional capacity evaluation performed at the Physical Therapy Clinic of Ocean Springs on December 22, 2003. Tingle also interviewed Plaintiff on such topics as his educational and work background and his daily activities. Plaintiff now has named Tingle as an expert witness. Defendants argue that they would like to submit Plaintiff to a Rule 35 examination by their own retained vocational expert.

Fed. R. Civ. P. 35 provides that when the mental or physical condition of a party is in controversy, the Court may order the party to submit to a physical or mental examination. Such an order "may be made only on motion for good cause shown". The Court agrees that Plaintiff has placed his physical condition in controversy. The Court further agrees that in some

circumstances an examination by a vocational expert may be permitted pursuant to Rule 35. In this case, however, the Court finds that Defendants' Motion should be denied because they have not demonstrated good cause.

The expert in this case, Tingle, was hired by the employer/insurance carrier based on a worker's compensation claim. This is not a situation where *Plaintiff* hired the expert to perform a vocational evaluation in preparation for filing a lawsuit. In other words, this is not a typical "hired gun" scenario. Moreover, Defendants' expert is able to evaluate the same data that Tingle evaluated when he prepared the June 23, 2006, report regarding Plaintiff's limitations and employability, i.e. the medical records and functional capacity evaluation. The brief and apparent inconsequential personal observations noted in Tingle's report, and cited in Defendants' reply, are not sufficient to support a finding of good cause. The Court finds that Defendants have not shown "good cause" for compelling a Rule 35 vocational evaluation of Plaintiff.

IT IS THEREFORE ORDERED that the [94] Motion to Compel is DENIED.

SO ORDERED, this the 19th day of January, 2007.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE