IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK L. MCLAURIN and § | | |
| TWANA MCLAURIN § | | PLAINTIFFS |
| § | | |
| v. § | | CAUSE NO. 1:05CV463 |
| § | | |
| NOBLE DRILLING (U.S.) INC., ET AL. § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [84] filed by Defendants Noble Drilling (U.S.) Inc., Noble Drilling Corporation and Noble Drilling Services, Inc. (collectively "Noble"). Plaintiffs have filed a response, and Noble has replied. After due consideration of the submissions, it is the Court's opinion that Noble has shown there is no question of material fact for the jury. Noble is therefore entitled to judgment as a matter of law.

DISCUSSION

Plaintiff Mark McLaurin ("McLaurin"), an employee of Friede Goldman Halter, Inc., was injured in Friede Goldman Halter's shipyard while working as a scaffold carpenter supporting construction work on a vessel owned by Noble. McLaurin received some benefits following his injury under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.* ("LHWCA"), and there is no dispute that at the time of his injury he was an "employee" under the LHWCA. He now brings suit against Noble and other, unnamed defendants on various grounds. McLaurin's brings a negligence cause of action against Noble as the vessel owner.

Noble contends that McLaurin's claim is preempted by the LHWCA. Section 905(b) of

the LHWCA provides that, "[i]n the event of injury to" an LHWCA employee "caused by negligence of a vessel, then such person ... may bring an action against such vessel as a third party ... The remedy provided in this subsection shall be exclusive of all other remedies against the vessel." 33 U.S.C. § 905(b).  Courts apply this section to allow an LHWCA employee such as McLaurin to make a negligence claim against the vessel for injury and death, but preempt all other claims, including state-law negligence claims.  *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 818 (2001); *Sider v. Robin Temporary Service*, 515 So.2d 1123, 1132 (5th Cir. 1987).  Although McLaurin argues that § 905(b) does not apply because Noble is not a "vessel," the statutory definition of a "vessel" includes "said vessel's owner." 33 U.S.C. § 902(21).  Noble, as owner of the vessel at issue here, is a vessel for purposes of the exclusive remedy provisions of § 905(b).  Therefore, McLaurin's sole avenue of recovery against Noble is by way of Section 905(b) of the LHWCA.

Additionally, in order to bring a cognizable negligence claim against Noble under § 905(b), McLaurin must show that the tort occurred on or in navigable waters, bringing it within the Court's admiralty jurisdiction.  *May v. Transworld Drilling Co.*, 786 F.2d 1261, 1265 (5th Cir.), *cert. denied*, 479 U.S. 854 (1986); *Richendollar v. Diamond M Drilling Co., Inc.*, 819 F.2d 124, 125-26 (5th Cir.), *cert. denied*, 484 U.S. 944 (1987).  An injury which occurs on land rather than on or in navigable waters does not constitute a cognizable negligence claim under § 905(b). *May*, 786 F.2d at 1263.  The parties do not dispute that McLaurin's injury occurred on land.  It is therefore apparent that there is no question of material fact for the jury.  Noble has shown that under the controlling law applicable to the undisputed facts of this case, Plaintiffs' claims do not fall within the admiralty jurisdiction of the Court.  Noble is therefore entitled to judgment as a

matter of law pursuant to FED. R. CIV. P. 56.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [84] filed by Defendants Noble Drilling (U.S.) Inc., Noble Drilling Corporation and Noble Drilling Services, Inc. is **GRANTED**. Plaintiffs' claims against the Defendants are **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 4th day of April, 2007.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE